UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES ROBERT HAJDIN, | ) | CASE NO. 5:22 CV 1428 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff James Robert Hajin filed this action under 42 U.S.C. §§ 1983, 1985, and 1986 against the State of Ohio and Ohio Governor Mike DeWine. In the Complaint, Plaintiff contests the imposition of a prison term for violation of the terms of his probation in *State v. Hajin,* No. CR-03-436960 *(*Cuyahoga Cty. Comm. Pl. July 28, 2004). He asks this Court to find there was no typographical error in the wording of Ohio Revised Code § 2929.15(B), declare that statute to be unconstitutional, and award him monetary damages for wrongful imprisonment and conspiracy. (Doc. No. 1 at 2).

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc No. 2). That Application is granted.

**I.     Background**

Plaintiff's Complaint is over 200 pages of single-spaced, rambling text that is often difficult to decipher. Plaintiff pled guilty on June 28, 2004 in the Cuyahoga County Court of

Common Pleas to the amended charge of burglary. *Id.* The court sentenced him on July 28, 2004 to two years of community control sanctions under the supervision of the Adult Probation Department. *Id.* The court advised him that violation of the terms of his community control "may result in more restrictive sanctions as approved by law." *Id.* Plaintiff violated the terms of his probation and on October 27, 2004, the court revoked his probation and sentenced him to two years incarceration in the Lorain Correctional Institution. *Id.* He appealed that sentence to the Ohio Eighth District Court of Appeals and the Supreme Court of Ohio. His appeals were dismissed in November 2004 and January 2005 respectively. *Id.*

Plaintiff contends he did not receive sufficient notice at his original sentencing as required by Ohio Revised Code § 2929.15(B) that he could receive prison time for violation of his community control. He cites to *State v. Virasayachack*, 138 Ohio App. 3d 570 (2000), and argues that the Ohio Eighth District Court of Appeals wrongly determined that Ohio Revised Code § 2929.15(B) contained a typographical error. He asserts that if the Court of Appeals applied the statute as it was written, they would have found the notice he received to be deficient and would have nullified his prison sentence.

The facts of the *Virasayacheck* case are similar to the facts in this case. Virasayachack violated the terms of his community control, resulting in the revocation of his probation and the imposition of a prison term. Virasayachack argued on appeal that the trial court erred by imposing a prison term on him because the court did not inform him at the original sentencing hearing of the specific prison term that could be imposed if he violated the terms of his community control. *Virasayachack*, 138 Ohio App. 3d at 573. The Ohio Eighth District Court of Appeals agreed with Virasayachack and nullified his prison term. In arriving at that

conclusion, the Appellate Court determined that there was a typographical error in the wording of Ohio Revised Code § 2929.15(B), which reads as follows:

> "If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a more restrictive sanction under section 2929.16, 2929.17 or 2929.18 of the Revised Code, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. *The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19 [sic] of the Revised Code.*" (Emphasis added.)

The Ohio Appellate Court concluded that the reference to Ohio Revised Code § 2929.19(B)(3) should have been a reference to Ohio Revised Code § 2929.19(B)(5) because the language in subsection (B)(3) did not make sense in the context for which it was cited.[1] Plaintiff argues that

---

[1] This Court notes that the statute subsequently was amended and that portion of the statute to which the *Virasayachack* opinion likely referred is now codified in Ohio Rev. Code § 2929.19(B)(4), which states:

> If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the range from which the prison term may be imposed as a sanction for

(continued...)

if the Ohio Appellate Court had not determined that there was a typographical error in the statute, the Eighth District Court of Appeals would have determined the notice of a possible prison term that he received at sentencing was similarly insufficient and he would have received the same result as Virasayachack.

Plaintiff also cites to Ohio Senate Bill 2, which went into effect in 1997, and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the United States Supreme Court held that criminal sentences could not be enhanced above the limits provided by statute unless the jury finds the existence of the specific aggravating factors giving rise to the enhancement beyond a reasonable doubt. He states that Senate Bill 2 abolished suspended sentences. He contends he was not informed that he could receive a specific prison sentence if he violated community control, and therefore could not be sentenced to a prison term as a sanction for that violation.

## II.     Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v.*

---

[1](...continued)
        the violation, which shall be the range of prison terms for the
        offense that is specified pursuant to section 2929.14 of the Revised
        Code and as described in section 2929.15 of the Revised Code.

Subsection B(3) now pertains to notification of sexual offender classifications and B(5) now pertains to the imposition of fines.

*City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.     Analysis

Although Plaintiff indicates that he does not intend for this filing to be construed as an attempt at an appeal of his conviction, he concedes that a review of his conviction is required to expose the conspiracy against him and award him damages for unconstitutional conviction under 42 U.S.C. §§ 1983 and 1985. (Doc. No. 1 at 3). In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that

the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Plaintiff is clearly attacking his prison sentence. His conviction and sentence were not overturned on appeal nor called into question by the grant of a writ of habeas corpus. This Court cannot entertain his claims or award him damages for a wrongful conviction or sentence.

Furthermore, even if Plaintiff could assert these claims in a civil rights action, the statute of limitations for bringing claims under § 1983 has long ago expired. He was originally convicted and sentenced in July 2004. The trial court revoked his probation and sentenced him to two years incarceration in October 2004. His final appeal of that sentence was terminated in January 2005. He filed this case in August 2022, seventeen years after his last appeal became final. He would have served his entire prison sentence by 2006. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). The statute of limitations pertaining to any civil rights claim he may be raising with regard to his prison sentence expired at the latest in January 2007.

The statute of limitations for a claim under § 1985 is also two years. *Savage v. Unknown FBI Agents*, 142 F.3d 436, 1998 WL 39318 *1 (6th Cir. Feb. 10, 1998)(unpublished) (citing *Harris v. Board of Educ.*, 798 F.Supp. 1331, 1345 (S.D. Ohio 1992)). For the same reasons cited above, his claims under § 1985 are also time barred.

The Court notes that the expiration of the statute of limitations period is an affirmative defense that generally must be raised by the Defendants in a responsive pleading. Fed.R.Civ.P.

8(c)(1). If, however, it is clear from the face of the Plaintiff's Complaint that relief is barred, the Complaint may be dismissed, *sua sponte*, at the screening stage. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In this case, it is clear on the face of the Complaint that the statute of limitations for any civil rights claims and conspiracy claims has long expired. These claims are time-barred.

Finally, Plaintiff fails to state a claim under § 1985. To establish a violation of § 1985, Plaintiff must allege that the Defendants conspired together for the purpose of depriving him of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based discriminatory animosity. *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999). Plaintiff alleges no facts to suggest that the State of Ohio and its governor conspired together to deprive him of his right to equal protection of the law. Mike DeWine did not become Ohio's Governor until January 14, 2019, well after Plaintiff's incarceration ended. Moreover, a conspiracy must have two persons or entities. A state cannot conspire with itself. *Doherty v. American Motors Corp*., 728 F.2d 334, 339 (6th Cir.1984); *Upton v. City of Royal Oak*, 492 F. App'x 492, 503-05 (6th Cir. 2012). Also, Plaintiff does not allege facts to suggest that any of the decisions made by the Ohio courts were in any way motivated by Plaintiff's race. Plaintiff failed to state a claim for relief under § 1985. Because § 1986 imposes liability on those individuals who have knowledge of any of the wrongs prohibited by § 1985, yet fail to prevent them, there can be no violation of § 1986 if Plaintiff fails to establish a violation of § 1985. His claim under § 1986 must also be dismissed.

## IV.     Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

    IT IS SO ORDERED.

DATE: November 2, 2022             /s/ John R. Adams
                                        JOHN R. ADAMS
                                        UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.